IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gurpreet Singh, | No. CV-26-00395-PHX-RM (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Chris Howard, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion for Relief from Judgment under Rule 60(b).[1] (Doc. 14.) For the following reasons, the Court will grant the Motion and order Petitioner's immediate release.

## I.    Background

Petitioner entered the United States on or about May 22, 2026, and was apprehended by Border Patrol officials. (Doc. 14-1 at 3.) He proceeded to request asylum, and was thereafter released on conditional parole under 8 U.S.C. § 1226(a)(2)(B). (*Id.*) Petitioner complied with all conditions of release, continued to pursue his asylum application, and was granted work authorization. (*Id.*) On December 24, 2025, Petitioner was re-detained

---

[1] Petitioner titles his Motion a "Motion to Alter or Amend Judgment," which would seem to invoke Rule 59(e) ("Motion to Alter or Amend a Judgment"), but in his Motion Petitioner repeatedly states that he moves pursuant to Rule 60(b) ("Motion for Relief from Judgment"). Given that Petitioner repeatedly discusses Rule 60(b) in his Motion, the Court will assume that the Motion is intended to be a Motion for Relief from Judgment rather than a Motion to Alter or Amend Judgment. In any event, Petitioner's Motion cannot be brought under Rule 59(e), as he filed it more than 28 days after the entry of judgment in this matter. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment.")

while passing through a Border Patrol checkpoint in California in the course of his employment as a truck driver. (*Id.* at 2.)

Petitioner initiated this § 2241 action challenging his immigration detention on January 22, 2026. (Doc. 1.) In the Petition, Petitioner argued that Respondents had misclassified his detention as being pursuant to 8 U.S.C. § 1225, and that his detention was rightfully governed by § 1226. (*Id.*) After ordering a Response to the Petition, the Court granted the Petition on February 3, 2026; the Court determined that Petitioner's detention is governed by 8 U.S.C. § 1226, and ordered that Respondents provide Petitioner a bond redetermination hearing. (Doc. 8.) Petitioner was provided a bond hearing on February 9, 2026. (Doc. 14-1 at 3.) On April 24, 2026, Petitioner filed the currently pending Motion for Relief from Judgment (Doc. 14).

In the Motion, Petitioner argues that his release on conditional parole in May 2022 gave rise to a liberty interest under the Due Process Clause, and that the revocation of his conditional parole without a pre-deprivation hearing is an ongoing violation of his due process rights.[2] (Doc. 14-1.) Petitioner seeks release on this basis.[3] (*Id.*) In the alternative, Petitioner seeks another bond hearing, but one in which the burden is on the Government to show that Petitioner should not be released. (*Id.* at 10.)

. . . .

. . . .

---

[2] In the Motion, Petitioner also argues that his bond redetermination hearing was not before a neutral arbiter due to increased turnover among immigration judges as a whole, and the implementation of a political immigration agenda in the Executive Branch. (Doc. 14-1 at 6.) The Court need not reach this argument because as explained below, the standard applied during the bond hearing rendered it inadequate to correct the constitutional problems with Petitioner's detention, and Petitioner presents no evidence that the particular immigration judge who conducted his bond hearing had any impermissible motivations.

[3] It is not clear why Petitioner did not submit his argument regarding the liberty interest he developed in his release on conditional parole in his Petition, and instead waited until filing the pending Motion to present this claim. However, a Rule 60(b) motion containing a new claim of constitutional error that was omitted from a habeas petition "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). The usual bar on successive habeas petitions mandated by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") does not apply to § 2241 petitions filed by those detained by the Department of Homeland Security. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). When AEDPA does not apply, "a habeas court must adjudicate even a successive habeas claim when required to do so by the 'ends of justice.'" *Schlup v. Delo*, 513 U.S. 298 (1995).

## II.    Discussion

Respondents maintain that "there is no statutory or regulatory requirement that entitles Petitioner to a 'pre-deprivation' hearing, much less one involving burden-shifting against the government. *See generally* 8 U.S.C. §§ 1225; 1226; 1231." (Doc. 16 at 4.) Respondents argue that reading such a hearing "into the immigration custody statute would be to create a process that the current statutory and regulatory scheme do not provide for." (*Id.*)

Respondents ignore, however, that "[e]ven when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute." *J.C.E.P. v. Wofford*, No. 1:25-CV-01559-EFB (HC), 2025 WL 3268273 at *3 (E.D. Cal. Nov. 24, 2025) (citing *Young v. Harper*, 520 U.S. 143, 147-49 (1997)). Many district courts have held that individuals like Petitioner who were released from immigration detention are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g., Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021 (N.D. Cal. 2025) (holding that petitioner released on bond had protected liberty interest in continued release); *Tinoco v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3567862, at *2, *5-7 (E.D. Cal. Dec. 14, 2025) (granting petitioner's temporary restraining order for immediate release from custody where petitioner was released on an order of release on recognizance, re-detained three years later, and was not given a bond hearing); *Aguirre Solis v. Noem*, 2:26-cv-00053-RFB-EJY, 2026 WL 396432, at *2, *5 (D. Nev. Feb. 12, 2026) (concluding petitioner's re-detention after release on recognizance without a hearing and opportunity for release was unlawful under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment and ordering his immediate release from detention).

The three-pronged test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Respondents acknowledge that the

*Mathews* test has been used by many courts to analyze what process is due in the immigration detention context. (Doc. 16 at 5.) To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

As to the first factor, being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, (2004) (directing courts, when assessing the first *Mathews* factor, to consider only the petitioner's interests at stake in ongoing detention without consideration of the respondents' justifications for the detention).  An individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects").  *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause."); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").  The first *Mathews* factor favors Petitioner.

As to the second factor, the risk of an erroneous deprivation of liberty is high where the Petitioner has not received a pre-deprivation bond or custody redetermination hearing. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322-24 (W.D. Wash. 2025).  Here, given the procedural posture of this case, Petitioner received a post-deprivation hearing before an immigration judge pursuant to this Court's February 3, 2026 Order. (*See* Doc. 14-5.) However, the immigration judge conducted that hearing under the statutory standards of 8 U.S.C. § 1226(a), and therefore placed the burden on Petitioner to "establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of

flight." (Doc. 14-5 at 3 (quoting *Matter of Siniauskas*, 27 I&N Dec. 207 (BIA 2018)).) Where, as here, a detainee's entitlement to a bond hearing arises as a matter of constitutional due process, the Government must bear the burden of proving by clear and convincing evidence that the detainee is a danger or flight risk. *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011), *abrogated in part as recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022); *Aleman Gonzalez v. Barr*, 955 F.3d 762, 781 (9th Cir. 2020), *rev'd and remanded on other grounds,* 596 U.S. 543 (2022). Therefore, the post-deprivation hearing that Petitioner received does not ameliorate the constitutional problems with his continued detention. *See Alvarado Izarraraz v. Warden of the Golden State Annex Det. Facility*, No. 1:25-CV-01774-DJC-DMC (HC), 2026 WL 850758 (E.D. Cal. Mar. 27, 2026) (finding that a post-deprivation hearing must require the Government to bear the burden of demonstrating Petitioner to be a danger or flight risk). Accordingly, the second *Mathews* factor weighs in favor of Petitioner.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). And Respondents' interest here is even lower because Petitioner was previously released on parole after immigration officials necessarily determined he was not a flight risk or danger to the community, and there is no indication Petitioner violated any condition of his parole. *See Pinchi v. Noem*, No. 25cv05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained."); *Telenchana v. Hermosillo*, 2:26-cv-00363-GJL, 2026 WL 696806, at *9 (W.D. Wash. Mar. 12, 2026) (concluding that re-detention of petitioners who had been released on their own recognizance violated due process under the *Mathews* framework because petitioners had

"established liberty interests," "the absence of pre-deprivation procedures in their re-detentions created an unacceptably high risk of erroneous deprivations," and "the governmental interest in their re-detention without adequate process [was] minimal or non-existent").

The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before he was re-detained. The Court finds that immediate release, rather than requiring a bond hearing, is the appropriate remedy. *See Ruiz v. Noem*, No. 3:25-CV-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) ("[G]iven Respondents' 'weighty' interest in the 'efficient administration of the immigration laws,' *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [previous] hearing."); *Ramirez Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295, at *6 (W.D. Wash. Nov. 25, 2025) (directing immigration detainee's immediate release after he was re-detained following his parole's expiration); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release").

For the foregoing reasons, the Motion for Relief from Judgment will be granted, and Petitioner will be ordered released from custody immediately.

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment under Rule 60(b) (Doc. 14) is **granted**.

**IT IS FURTHER ORDERED** Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his re-detention.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

- 6 -

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within **two (2) business days** of Petitioner's release.

Dated this 14th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge